POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Attorney for Marilyn Gund*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA BAYLOR, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HONDA MOTOR CO., LTD., AMERICAN HONDA MOTOR COMPANY, INC., TOSHIHIRO MIBE, TAKAHIRO HACHIGO, and KOHEI TAKEUCHI,<br><br>Defendants. | Case No. 2:23-cv-00794-GW-AGR<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MARILYN GUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL<br><br>DATE:  May 1, 2023<br>TIME:  8:30 a.m.<br>JUDGE:  George H. Wu<br>CTRM:  9D (1st Street Courthouse) |

MEMORANDUM OF POINTS AND AUTHORITIES - 2:23-CV-00794-GW-AGR

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ................................................................................1

II.   STATEMENT OF FACTS .....................................................................................2

III.  ARGUMENT .........................................................................................................4

    A.    GUND SHOULD BE APPOINTED LEAD PLAINTIFF ............................4

        1.    Gund Is Willing to Serve as Class Representative ..................................5

        2.    Gund Has the "Largest Financial Interest" ...............................................5

        3.    Gund Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure .................................................................7

        4.    Gund Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ........................................10

    B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED .................................................................................................10

IV.   CONCLUSION....................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997)....................................................................................................9

*Baby Neal v. Casey*,
43 F.3d 48 (3d Cir. 1994) ..........................................................................................8

*Beck v. Maximus, Inc.*,
457 F.3d 291 (3d Cir. 2006) ...................................................................................8, 9

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS 2776
(N.D. Cal. Jan. 9, 2012) .............................................................................................6

*Cooper et al v. American Honda Motor Co., Inc.*,
No. 1:22-cv-05299 (N.D. Ill.).....................................................................................3

*Danis v. USN Communs., Inc.*,
189 F.R.D. 391 (N.D. Ill. 1999)..................................................................................8

*Fischler v. Amsouth Bancorporation*,
176 F.R.D. 583 (M.D. Fla. 1997) ...............................................................................7

*Gluck v. Cellstar Corp.*,
976 F. Supp. 542 (N.D. Tex. 1997) ............................................................................7

*Greebel v. FTP Software*,
939 F. Supp. 57 (D. Mass. 1996)................................................................................7

*In re Comverse Tech., Inc., Sec. Litig.*,
2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007)........................................6, 11

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp.2d 286 (E.D.N.Y. 1998) ..........................................................................6, 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998)...................................................................................7

*Knox v. Yingli Green Energy Holding Co.*,
    136 F. Supp. 3d 1159 (C.D. Cal. 2015) ...............................................................6

*Lax v. First Merch. Acceptance Corp.*,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ...........................................5, 6

*Nicolow v. Hewlett Packard Co.*,
    Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876
    (N.D. Cal. Mar. 4, 2013)........................................................................................6

*Osher v. Guess?, Inc.*,
    2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ..........................................10

*Riordan v. Smith Barney*,
    113 F.R.D. 60 (N.D. Ill. 1986).................................................................................9

**Statutes**

15 U.S.C. § 78u-4.....................................................................................................*passim*

Private Securities Litigation Reform Act of 1995 ......................................................*passim*

Securities Exchange Act of 1934 ...............................................................................1, 4, 8

**Rules**

Fed. R. Civ. P. 23 .....................................................................................................*passim*

Movant Marilyn Gund ("Gund") respectfully submits this Memorandum of Law in support of her motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Gund as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons other than the above-captioned defendants ("Defendants") who purchased or otherwise acquired Honda Motor Co., Ltd. ("Honda" or the "Company") American Depository Shares ("ADSs") between June 20, 2018 and September 28, 2022, both dates inclusive (the "Class Period"); and (2) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class in the above-captioned action (the "Action").

## I.    PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Gund, with losses of approximately $2,295 in connection with her purchases of Honda ADSs, has the largest financial interest in the relief sought in the Action to her knowledge.  *See* Declaration of Jennifer Pafiti in Support of Motion ("Pafiti Decl."), Exhibit ("Ex.") A.  Gund further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because she is an adequate representative with

MEMORANDUM OF POINTS AND AUTHORITIES - 2:23-CV-00794-GW-AGR

1

claims typical of the other Class members. Accordingly, Gund respectfully submits that she should be appointed Lead Plaintiff.

## II. STATEMENT OF FACTS

Honda is a multinational conglomerate manufacturer of automobiles, motorcycles and power equipment. The Company's U.S.-based operations are conducted through its North American subsidiary, American Honda Motor Company, Inc. ("American Honda").

Certain of Honda's vehicles—including the 2018-2020MY Honda Odyssey, 2016-2020MY Honda Pilot, 2019-2020MY Honda Passport, 2015- 2020MY Acura TLX, and 2015-2020MY Acura MDX—include a so-called "Idle Stop" engine feature, purportedly to enhance fuel efficiency. In marketing these vehicles, Honda and/or its subsidiaries have highlighted the Idle Stop system's purported capacity to automatically shut off a vehicle's engine to save fuel when the vehicle brakes to a stop for at least two seconds— for example, at a traffic light— and to automatically restart the engine when the driver releases the vehicle's brake pedal.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Honda had overstated the safety and effectiveness of the Idle Stop engine feature; (ii) Honda maintained deficient disclosure controls and procedures with

MEMORANDUM OF POINTS AND AUTHORITIES - 2:23-CV-00794-GW-AGR

2

respect to product quality and safety; (iii) as a result of the foregoing deficiencies, Honda failed to prevent American Honda from marketing and selling thousands of vehicles that contained a defective Idle Stop feature; (iv) the foregoing conduct subjected the Company and/or its subsidiaries to a heightened risk of litigation, as well as financial and/or reputational harm; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times.

On September 28, 2022, a putative class action was filed against American Honda alleging that it had sold thousands of vehicles—including the 2018-2020 Honda Odyssey, 2016-2020 Honda Pilot, 2019-2020 Honda Passport, 2015-2020 Acura TLX, and 2015-2020 Acura MDX—equipped with a flawed Idle Stop feature.[1]   Per the allegations in the class action complaint, after initially shutting off a vehicle's engine, the Idle Stop system in the affected vehicles routinely fails to restart the engine as designed, leaving drivers unable to move their vehicles.  The lawsuit further alleges that American Honda was fully aware of the defect before marketing the vehicles.

On this news, Honda's ADS price fell $0.74 per share, or 3.23%, to close at $22.19 per ADS on September 29, 2022.

As a result of Defendants' wrongful acts and omissions, and the decline in the market value of the Company's securities, the plaintiff in the Action and other Class members have suffered significant losses and damages.

---

[1]    *Cooper et al v. American Honda Motor Co., Inc.*, No. 1:22-cv-05299 (N.D. Ill.).

MEMORANDUM OF POINTS AND AUTHORITIES - 2:23-CV-00794-GW-AGR

3

## III.    ARGUMENT

### A.    GUND SHOULD BE APPOINTED LEAD PLAINTIFF

Gund should be appointed Lead Plaintiff because, to her knowledge, she has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.   Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

MEMORANDUM OF POINTS AND AUTHORITIES - 2:23-CV-00794-GW-AGR

4

As set forth below, Gund satisfies all three of these criteria and thus is entitled to the presumption that she is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. Gund Is Willing to Serve as Class Representative

On February 2, 2023, Pomerantz, counsel for plaintiff in the Action, caused a notice to be published over *Newsfile Corp.* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Defendants, and advised investors of Honda ADSs that they had until April 3, 2023— *i.e.*, 60 days—to file a motion to be appointed as Lead Plaintiff. *See* Pafiti Decl., Ex. B.

Gund has filed the instant motion pursuant to the Notice and has attached a sworn Certification attesting that she is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See* Pafiti Decl., Ex. C. Accordingly, Gund satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. Gund Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, Gund believes that she has the largest financial interest of any of the Lead Plaintiff movants based on the factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at

*7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[2]  In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District.  *See, e.g.*, *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) ("District courts have typically considered the [*Lax*] factors to determine who has the largest financial interest[.]" (internal quotation marks and citations omitted)); *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at *18 (N.D. Cal. Mar. 4, 2013) (same); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS 2776, at *10-*11 (N.D. Cal. Jan. 9, 2012) (same).  Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See, e.g.*, *Knox*, 135 F. Supp. 3d. at 1163; *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at *18-*19.

During the Class Period, Gund (1) purchased 285 Honda ADSs; (2) expended $8,891 on her purchases of Honda ADSs; (3) retained 285 of her Honda ADSs; and (4) as a result of the disclosure of the fraud, suffered a loss of $2,295 in connection with her Class Period purchases of Honda ADSs.  *See* Pafiti Decl., Ex. A.  Because Gund

---

[2]    *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

MEMORANDUM OF POINTS AND AUTHORITIES - 2:23-CV-00794-GW-AGR

possesses the largest financial interest in the outcome of this litigation, she may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Gund Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996).  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth*

*Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Rule 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory")).

The claims of Gund are typical of those of the Class. Gund alleges, as do all class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Honda, or omitted to state material facts necessary to make the statements they did make not misleading. Gund, as did all members of the Class, purchased Honda ADSs during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise

MEMORANDUM OF POINTS AND AUTHORITIES - 2:23-CV-00794-GW-AGR

from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class."  The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent'" (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997))).

Gund is an adequate representative for the Class.  There is no antagonism between the interests of Gund and those of the Class, and her losses demonstrate that she has a sufficient interest in the outcome of this litigation.  Moreover, Gund has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits her choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Gund likewise has demonstrated her adequacy because she has submitted a Declaration attesting to, *inter alia*, her background, her investing experience, her understanding of the responsibilities of lead plaintiffs pursuant to the PSLRA, her decision to seek appointment as lead plaintiff, and the steps that she is prepared to take to cooperatively prosecute this litigation on behalf of the Class.  *See* Pafiti Decl., Ex. D.

MEMORANDUM OF POINTS AND AUTHORITIES - 2:23-CV-00794-GW-AGR

### 4. Gund Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Gund as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)  will not fairly and adequately protect the interest of the class; or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

The ability and desire of Gund to fairly and adequately represent the Class has been discussed above.  Gund is not aware of any unique defenses Defendants could raise that would render her inadequate to represent the Class.

### B. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Gund has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of

investors, as detailed in the firm's resume.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  *See* Pafiti Decl., Ex. E.  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010.  *See id.*  More recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company.  *See id.*  As a result of Pomerantz's extensive experience in litigation involving issues similar to those raised in the Action, Gund's counsel have the skill and knowledge which will enable them to prosecute the Action effectively and expeditiously.  Thus, the Court may be assured that by approving the selection of Lead Counsel by Gund, the members of the class will receive the best legal representation available.

## IV.   CONCLUSION

For the foregoing reasons, Gund respectfully requests that the Court issue an Order: (1) appointing Gund as Lead Plaintiff for the Class; and (2) approving Pomerantz as Lead Counsel for the Class.

Dated:  April 3, 2023                              POMERANTZ LLP

                                                             */s/ Jennifer Pafiti*
                                                             Jennifer Pafiti (SBN 282790)

MEMORANDUM OF POINTS AND AUTHORITIES - 2:23-CV-00794-GW-AGR

11

1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Marilyn Gund and Proposed
Lead Counsel for the Class*

CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti