**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Brian Clark*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA BAYLOR, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HONDA MOTOR CO., LTD., AMERICAN HONDA MOTOR COMPANY, INC., TOSHIHIRO MIBE, TAKAHIRO HACHIGO, and KOHEI TAKEUCHI,<br><br>Defendants. | No.: 2:23-cv-00794-GW-AGR<br><br>**BRIAN CLARK'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL AND OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTION**<br><br>Judge: Hon. George H. Wu<br>Date: May 1, 2023<br>Time: 8:30 a.m.<br>Courtroom #9D |

## I.  PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to appoint a lead plaintiff in securities class actions asserting violations of the Securities Exchange Act of 1934. It instructs courts to appoint as lead plaintiff the movant with the largest financial interest in the litigation, so long as that movant satisfies the adequacy and typicality requirements under Rule 23. *See* 15 U.S.C. §78u-4(a)(3)(B). Under that directive, Brian Clark ("Mr. Clark") is the "most adequate plaintiff" because he is the movant with the largest financial interest and otherwise satisfies the typicality and adequacy prongs of the Federal Rules of Civil Procedure 23 ("Rule 23").

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Courts in the Ninth Circuit have considered several different methodologies when determining a movant's financial interest, including the well-known *Olsten/Lax* factors: (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate loss suffered. *Ferrari v. Gisch,* 225 F.R.D. 599, 604 (C.D. Cal. 2004); *see also Perlmutter v. Intuitive Surgical, Inc.,* No. 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813, at *11-12 (N.D. Cal. Feb. 15, 2011) (describing different approaches).

As the following table demonstrates, Mr. Clark possesses the largest financial interest in the Action under all four *Olsten/Lax* factors.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Brian Clark | 2,400 | 2,100 | $57,726.00 | **$9,126.24** |
| Marilyn Gund[1] | 285 | 285 | $8,890.95 | $2,295.00 |

With nearly four times more losses than the only other movant, Marilyn Gund, there can be no dispute that Mr. Clark holds the "largest financial interest" in the Action

---

[1] On April 10, 2023, Marilyn Gund filed a notice of non-opposition stating that she did not oppose Mr. Clark's appointment as lead plaintiff. Accordingly, Mr. Clark's motion is unopposed. *See* ECF No. 19.

and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B).

Moreover, Mr. Clark has made a preliminary showing of the typicality and adequacy requirements of Rule 23, which is all that is required at this stage in the litigation. *Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999). Mr. Clark is typical of the other class members insofar as he acquired Honda Motor Co. LTD. ("Honda" or the "Company") American Depository Shares ("ADSs") during the Class Period and was damaged as a result. Mr. Clark does not have any interests adverse to the class and, as demonstrated in his declaration accompanying his motion, and is ideally suited to serve as the lead plaintiff given his 47 years of investing experience. *See* ECF No. 18-6.

With the largest financial interest in the outcome of the Action and having made the preliminary showing of typicality and adequacy, Mr. Clark is entitled to the presumption of being the "most adequate plaintiff". 15 U.S.C. § 78u-4(a)(3)(B). As the only other movant Ms. Gund cannot rebut this presumption with proof that Mr. Clark is somehow atypical or inadequate, he is entitled to be appointed as the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, for these reasons, Mr. Clark respectfully requests that the Court grant his motion in its entirety and deny the competing motion.

## II.    ARGUMENT

### A.    The PSLRA Process for Selecting a Lead Plaintiff

Under the PSLRA, this Court is directed to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

In interpreting the PSLRA, the Ninth Circuit formulated a clear process for selecting a lead plaintiff. See *Doherty v. Pivotal Software, Inc.,* No. 3:19-cv-03589-CRB, 2019 U.S. Dist. LEXIS 195360, at *12-13 (N.D. Cal. Nov. 8, 2019); *In re Stitch Fix, Inc. Sec. Litig.,* 393 F. Supp. 3d 833 (N.D. Cal. 2019); *Abrams v. Intuitive Surgical, Inc.,* No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873, at *5 (N.D. Cal. Nov. 18, 2013) (citing *In re Cavanaugh*, 306 F.3d at 729-30). "[T]he courts must compare the financial stakes of the various plaintiffs, determine which has the most to gain from the lawsuit, and determine whether that plaintiff satisfies Rule 23, particularly its typicality and adequacy requirements." *Id*. (citing *In re Cavanaugh*, 306 F.3d at 730). The movant with the largest financial interest and satisfies Rule 23, is then the "presumptive lead plaintiff." See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d at 730. "If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *Id*. Third, the court must then consider any competing lead plaintiff movants attempts to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23. *Id*.

### B.    Mr. Clark Is the "Most Adequate" Lead Plaintiff

#### 1.    *Mr. Clark Possesses the "Largest Financial Interest"*.

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Mr. Clark is entitled to that presumption because, relative to the other movant, Mr. Clark's losses are far greater. In accordance with *In re Olsten Corp. Sec. Litig.* and *Lax v. First Merchants Acceptance Corp.*, "courts use the *Lax-Olsten* four-factor test to approximate economic losses: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds

expended during the class period; and (4) the approximate losses suffered during the class period." *Crews v. Rivian Auto., Inc.,* No. 2:22-cv-01524-RGK-Ex, 2022 U.S. Dist. LEXIS 118795, at *9 (C.D. Cal. July 1, 2022) (internal quotations removed). *see also Lax v. First Merchants Acceptance Corp.,* No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

Of the four factors, "[c]ourts in the Ninth Circuit have tended to give the final factor the most emphasis". *Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.,* No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452, at *14 (C.D. Cal. Sep. 29, 2017). In this instance, Mr. Clark is the movant with the largest loss under the most important factor, approximate loss suffered, and the other three factors as well.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Brian Clark | 2,400 | 2,100 | $57,726.00 | **$9,126.24** |
| Marilyn Gund | 285 | 285 | $8,890.95 | $2,295.00 |

As compared to the only other lead plaintiff movant, Ms. Gund, Mr. Clark purchased over eight times more gross shares, retained over seven times more net shares, expended $48,835.05 more, and lost $9,126.24 – more money than Ms. Gund even spent on her Honda shares. Accordingly, Mr. Clark has the largest financial interest in this matter.

### 2. Mr. Clark Satisfies Rule 23's Typicality and Adequacy Requirements.

Not only does Mr. Clark possess the largest financial interest of all movants pursuant to the PSLRA and the widely accepted *Olsten/Lax* Factors, but he also satisfies the typicality and adequacy prongs of Rule 23, requiring his appointment as lead plaintiff.

Typicality exists where the claims of the representative parties "arise from the same event or practice or course of conduct that gives rise to the claims of the

class members and are based on the same legal theory." *Ferrari v. Gisch*, 225 F.R.D. 599, 606. (C.D. Cal. 2004) (internal quotations removed). Mr. Clark's claims are typical of those of other Class members because, like other Class members, he acquired Honda ADSs during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action. Moreover, Mr. Clark's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.

To satisfy the adequacy requirement at this stage of the proceedings, Mr. Clark must make a preliminary showing that his interests are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between his interests and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted). Mr. Clark has no conflicts with other Class Members, nor is there evidence of any antagonism between Mr. Clark's interest and those of the Class.

Finally, Mr. Clark has further demonstrated his adequacy by submitting a declaration in support of his Motion, attesting that he is ready, willing, and able to oversee this litigation. In the declaration, Mr. Clark provided his education, employment, and years of investing experience. ECF No. 18-6. Mr. Clark considers himself to be a sophisticated individual, having been investing in the stock market for over 47 years. *Id*. He has a degree in math and science and is currently semi-retired. *Id*. Further, in his certification and declaration, Mr. Clark states his familiarity with, and willingness to take on, the duties of a lead plaintiff and class representative under the PSLRA and Rule 23. *See* ECF Nos. 18-3; 18-6 (PSLRA Certification & Clark Declaration).

Mr. Clark, therefore, is the movant for lead plaintiff that has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Accordingly, Mr. Clark is entitled to the presumption that he is the "most adequate plaintiff" and that he should be appointed as the lead plaintiff. 15 U.S.C § 78u-

4(a)(3)(B)(iii)(II).

**C.    No Movant Can Rebut the Strong Presumption in Favor of Appointing Mr. Clark as Lead Plaintiff.**

By having timely filed a motion for appointment as the lead plaintiff[2], possessing the largest financial interest in the Actions of all movants, and sufficiently making a preliminary, *prima facie* showing of typicality and adequacy, Mr. Clark has fulfilled the PSLRA's requirements to become the "most adequate plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii) (discussing requirements to become the "most adequate plaintiff"). Mr. Clark, therefore, is entitled to the presumption that he shall be appointed as the lead plaintiff in the Actions. *See* 15 U.S.C. §78u-4(a)(3)(B)(i)(stating the court "shall appoint as the lead plaintiff" the "most adequate plaintiff"). Mr. Clark's presumption as the "most adequate plaintiff" may only be rebutted upon proof by a class member that Mr. Clark "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d at 741. Absent proof rebutting the presumption, Mr. Clark is entitled to be appointed as the lead plaintiff. *See Hufnagle v. Rino Int'l Corp.,* No. CV 10-8695-VBFVBKX, 2011 U.S. Dist. LEXIS 19771, at *16 -26 (C.D. Cal. Feb. 14, 2011), *adopted*, No. CV 10-1754-VBFVBKX, 2011 U.S. Dist. LEXIS 19760 (C.D. Cal. Feb. 16, 2011) (appointing the most adequate plaintiff where competing movants failed to submit proof of unique defense). This is something that Ms. Gund, the only other movant, cannot do. Accordingly, Mr. Clark's motion should be granted in its entirety.

**III.    CONCLUSION**

For the foregoing reasons, Movant respectfully requests that the Court grant

---

[2] On April 4, 2023, the Court ordered Mr. Clark's original motion for lead plaintiff to be stricken from the record for electronically filing the motion under the wrong event type. ECF Nos. 16, 17 In immediate response to the order, Mr. Clark refiled his motion using the correct event type on the ECF system. *See* ECF No. 18; Declaration of Adam M. Apton, filed herewith.

his Motion and enter an order: (1) appointing Mr. Clark as Lead Plaintiff; (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

Dated: April 10, 2023

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com
Email: amccall@zlk.com

*Lead Counsel for Brian Clark and*
*[Proposed] Lead Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am a partner attorney at Levi & Korsinsky, LLP, with offices at 445 South Figueroa Street, 31st Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On April 10, 2023, I electronically filed the following **BRIAN CLARK'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL AND OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on April 10, 2023.

/s/ Adam M. Apton
Adam M. Apton