**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Brian Clark*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA BAYLOR, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HONDA MOTOR CO., LTD., AMERICAN HONDA MOTOR COMPANY, INC., TOSHIHIRO MIBE, TAKAHIRO HACHIGO, and KOHEI TAKEUCHI,<br><br>Defendants. | No.: 2:23-cv-00794-GW-AGR<br><br>**BRIAN CLARK'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO THE COMPETING LEAD PLAINTIFF MOTION**<br><br>Judge: Hon. George H. Wu<br>Date: May 1, 2023<br>Time: 8:30 a.m.<br>Courtroom #9D |

## I.    PRELIMINARY STATEMENT

Brian Clark ("Mr. Clark") is the "most adequate plaintiff" respectfully submits this reply memorandum in further support of his motion: (1) to be appointed as Lead Plaintiff, pursuant to § 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) for approval of his selection of the law firm of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel for the class.

On April 3, 2023, Mr. Clark timely submitted his motion for appointment as Lead Plaintiff in the above-captioned securities class action (the "Action"). Only one other competing motion for appointment as Lead Plaintiff was filed by Marilyn Gund. On April 10, 2023, the day oppositions were due, movant Ms. Gund filed a notice of non-opposition, acknowledging that she did not have the largest financial interest in the relief sought by the class. *See* ECF No. 19. Additionally, Ms. Gund did not offer any proof that Mr. Clark failed to satisfy Rule 23 nor challenged Mr. Clark's ability to lead this litigation as Lead Plaintiff.

Therefore, Mr. Clark is the "most adequate plaintiff," and in light of the competing movant's non-opposition to Mr. Clark's motion for appointment as Lead Plaintiff, Mr. Clark respectfully requests that the Court: (1) appoint him as Lead Plaintiff; (2) approve the selection of Levi & Korsinsky as Lead Counsel; and (3) deny all competing motions.

## II.   ARGUMENT

### A.    Mr. Clark is the "Most Adequate Plaintiff" to Serve as the Lead Plaintiff.

Mr. Clark has the largest financial interest and satisfies the typicality and adequacy requirements of Rule 23. In accordance with *In re Olsten Corp. Sec. Litig.* and *Lax v. First Merchants Acceptance Corp.*, "courts use the *Lax-Olsten* four-factor test to approximate economic losses: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class

period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Crews v. Rivian Auto., Inc.,* No. 2:22-cv-01524-RGK-Ex, 2022 U.S. Dist. LEXIS 118795, at *9 (C.D. Cal. July 1, 2022) (internal quotations removed). *see also Lax v. First Merchants Acceptance Corp.,* No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

Of the four factors, "[c]ourts in the Ninth Circuit have tended to give the final factor the most emphasis". *Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.,* No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452, at *14 (C.D. Cal. Sep. 29, 2017). As reflected below, when evaluated against the competing movant, Mr. Clark has a significantly greater financial interest all four of the *Olsten/Lax* factors.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Brian Clark | 2,400 | 2,100 | $57,726.00 | **$9,126.24** |
| Marilyn Gund | 285 | 285 | $8,890.95 | $2,295.00 |

As compared to the only other lead plaintiff movant, Ms. Gund, Mr. Clark purchased over eight times more gross shares, retained over seven times more net shares, expended $48,835.05 more, and lost $9,126.24 – more money than Ms. Gund even spent on her Honda shares. Therefore, Mr. Clark has the largest financial interest in this matter.

Mr. Clark has also made a preliminary showing of typicality and adequacy, which is all that is needed at this stage in the litigation. CITE. Mr. Clark's claims are typical of those of other Class members because, like other Class members, he acquired Honda ADSs during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action. Mr. Clark's claims are also based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See* ECF No. 18-1; Clark Memo

at 7-8.

Mr. Clark has also made a preliminary showing of adequacy, as he has no conflicts with other Class Members, nor is there evidence of any antagonism between Mr. Clark's interest and those of the Class. *Id.* at 8-9; 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Finally, Mr. Clark has further demonstrated his adequacy by submitting a declaration in support of his Motion, attesting that he is ready, willing, and able to oversee this litigation. ECF No. 18-6. The declaration further provided that Mr. Clark considers himself to be a sophisticated individual, having been investing in the stock market for over 47 years, he has a degree in math and science, and is currently semi-retired. *Id.* Moreover Mr. Clark states in his certification and declaration his familiarity with, and willingness to take on, the duties of a lead plaintiff and class representative under the PSLRA and Rule 23. *See* ECF Nos. 18-3; 18-6 (PSLRA Certification & Clark Declaration). Finally, Mr. Clark has attested that he will take all steps necessary to maximize the recovery for himself and the rest of the Class and will confer with counsel, attend court proceedings, depositions, settlement negotiations, hearings, and whatever else is necessary to adequately protect the interests of the Class. *Id.* Mr. Clark will ensure that the claims asserted in the Action are prosecuted zealously. *Id.*

Mr. Clark, therefore, is the movant for lead plaintiff that has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Accordingly, Mr. Clark is entitled to the presumption that it is the "most adequate plaintiff" and should be appointed lead plaintiff. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II).

**B.      No Movant Can Rebut the Strong Presumption in Favor of Appointing Mr. Clark as Lead Plaintiff.**

As established by the absence of any opposition to Mr. Clark's appointment, he is entitled to appointment as Lead Plaintiff under the PSLRA, as he has the

largest financial interest among the movants, his claims are typical, and he will fairly and adequately protect the interests of the class. No movant has submitted a response brief challenging any aspect of Mr. Clark's motion or his entitlement to appointment, and therefore, his motion is unopposed. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption). In addition, Mr. Clark is the only remaining movant for Lead Plaintiff. On April 10, 2023, Ms. Gund, the only other lead plaintiff movant, acknowledged that she does not have the largest financial interest in the relief sought by the class. *See* ECF No. 19. Accordingly, it is undisputed that Mr. Clark is the most adequate plaintiff.

## III.   CONCLUSION

For the foregoing reasons, Mr. Clark respectfully requests that the Court grant his Motion and enter an order: (1) appointing Mr. Clark as Lead Plaintiff; (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

Dated: April 17, 2023

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com
Email: amccall@zlk.com

*Lead Counsel for Brian Clark and*
*[Proposed] Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am a partner attorney at Levi & Korsinsky, LLP, with offices at 445 South Figueroa Street, 31st Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On April 17, 2023, I electronically filed the following **BRIAN CLARK'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPY TO THE COMPETING LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on April 17, 2023.

*/s/ Adam M. Apton*
Adam M. Apton