**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Devyn R. Glass (*pro hac vice*)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com
Email: dglass@zlk.com

*Lead Counsel for Plaintiffs and the Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| RHONDA BAYLOR, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:23-cv-00794-WLH-AGR |
| *Plaintiff,* | CLASS ACTION |
| v. | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |
| HONDA MOTOR CO., LTD. and AMERICAN HONDA MOTOR COMPANY, INC., | |
| *Defendants.* | |

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Plaintiffs respectfully object in part to Defendants Honda Motor Co., Ltd. ("Honda") and American Honda Motor Co., Inc.'s ("AHM") Request for Judicial Notice in support of their Motion to Dismiss the Amended Class Action Complaint ("Complaint"). ECF No. 65-2 ("Request").

## INTRODUCTION

The Request asks this Court to take judicial notice of *fifty-nine* exhibits in connection with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Despite the Ninth Circuit's clear stance against allowing Defendants to inject their own set of facts into the mix at the pleading stage (*see Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 998 (9th Cir. 2018)), Plaintiffs do not object to those exhibits which are referenced in the Complaint or otherwise subject to judicial notice in their own right under Federal Rule of Evidence 201. However, Plaintiffs object to the Request to the extent allows Defendants to use the content of the fifty-nine exhibits improperly to rebut the Complaint's well-pled allegations and, in particular, Exhibits 54, 56, 57, 58, and D which are neither referenced in nor attached to the Complaint. Defendants attempt to rely on these exhibits to establish purported "facts" that are in dispute, which is plainly improper. Furthermore, the Request should be denied as Defendants have failed to indicate which facts within these exhibits the Court should take notice of, simply requesting that the Court take judicial notice of the documents in their entirety.

## ARGUMENT

A fundamental tenet of U.S. civil procedure is that, in general, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint" that is challenged for failing to state a claim. *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 998 (9th Cir. 2018) (citation omitted). There are two narrow exceptions to this rule: (1) "the incorporation-by-reference doctrine" and (2) "judicial notice under Federal Rule of Evidence 201." *Id.* The exceptions are

1

narrow because the "unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.* at 1003. Indeed, the Ninth Circuit specifically admonished "a concerning pattern in securities cases" wherein parties moving to dismiss a complaint attempt "to short-circuit the resolution of a well-pleaded claim" by "exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Id.* at 998, 1003. "If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief. Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine." *Id.* at 998.

Plaintiffs object generally to the Request in the first instance as to Exhibits 1-58 and D. It is not enough for Defendants to argue that the Exhibits fall under "the incorporation-by-reference doctrine" or that they are simply subject to judicial notice; they must also demonstrate and specify the particular parts of the documents that are relevant and admissible. *See Van Nuys Cycle, Inc. v. Harley-Davison Motor Co.,* 2015 WL 12811245, at *2 (C.D. Cal. Jan. 20, 2015). The Ninth Circuit made clear that "[a] court must also consider—and identify—which fact or facts it is noticing from … [a document]. Simply because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. In a sweeping manner, Defendants ask the Court to judicially notice all the factual content contained in Exhibits 1-58 and D, "an action this Court [has been] unwilling and unable to take." *Baghdasarian v. Macy's, Inc.,* 2021 WL 4026760, at *3 (C.D. Cal. Sept. 2, 2021) (citing *Khoja*, 899 F.3d at 999-100); *see also DalPoggetto*, 2020 WL 2374948, at *2 (denying the defendant's request for judicial notice where the defendant had only

2

requested that the court notice whole documents rather than specific facts); *Capaci v. Sports Research Corp.,* 445 F.Supp.3d 607, 617 (C.D. Cal. Mar. 26, 2020) (denying request for judicial notice where defendant did "not indicate which facts within the exhibits" it sought notice of but rather "simply request[ed] that the court take judicial notice of the documents in their entirety.").

Plaintiffs specifically object to the Request as to Exhibits 54, 56-58, and D to the extent Defendants ask the Court to judicially notice the truth of the matters asserted therein to rebut Plaintiffs' well-pled allegations in the Complaint. "While a court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment," it may not take judicial notice of "*disputed* facts stated in public records." *Lee v. City of L.A.,* 250 F.3d 668, 689-90 (9th Cir. 2001) (emphasis in original) (internal citation omitted). Indeed, judicial notice of supposed facts introduced "in an effort to rebut the factual allegations … set forth in the Complaint … must be denied." *In re Double Jump, Inc.,* 2022 WL 4390830, at *3 (Bankr. D. Nev. Sept. 22, 2022); *see also Khoja*, 899 F.3d 988 at 1000 ("[t]o the extent that the district court judicially noticed the ... investors' call transcript for the purpose for which [it] was offered, *i.e.,* to determine what the investors knew ... the district court abused its discretion.").

Defendants seek to use judicial notice of Exhibits 54, 56, 57, and 58 to establish purported "facts" that are in dispute, *i.e.*, whether the Consumer Class Action[1] revealed new information to the market and whether such disclosure caused Honda's ADS price to drop on September 29, 2022. *See* ECF No. 65 at 20. As such, because Defendants seek to use judicial notice to present their own version of facts that are subject to debate, judicial notice would be improper. *See Cottle v. Plaid Inc.,* 536 F. Supp. 3d 461, 477 (N.D. Cal. 2021) ("Given disputes about the meaning and relevance of these materials, the court declines to take judicial notice of Exhibits A

---

[1] The "Consumer Class Action" refers to *Cooper v. American Honda Motor Co., Inc.,* No. 1:22-cv-05299 (N.D. Ill.).

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

through E."); *see also Khoja*, 899 F.3d at 1000 ("[i]t is improper to judicially notice a [document] when the substance of the [document] is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes.") (internal citation omitted); *DalPoggetto v. Wirecard AG*, 2020 WL 2374948, at *1 (C.D. Cal. Apr. 15, 2020) (denying judicial notice of documents defendants were using to create a defense to the well-pled allegations in the complaint); *Longo v. OSI Systems, Inc.*, 2020 WL 3124221, *1 (C.D. Cal. March 11, 2020) (same); *Riley v. Chopra*, 2020 WL 5217154, at *2 (C.D. Cal. June 19, 2020) (rejecting incorporation-by-reference where, in part, defendant tried to use one of the documents to rebut one of plaintiff's claims); *Zamir v. Bridgepoint Educ., Inc.*, 2018 WL 1258108, at *17 (S.D. Cal. Mar. 12, 2018) (refusing to construe SEC letter submitted for judicial notice in an "attempt to rebut [plaintiff's scienter] argument"); *Rollins v. Dignity Health*, 338 F.Supp.3d 1025, 1031 (N.D. Cal. 2018) (denying judicial notice where the requesting parties "repeatedly do what *Khoja* forbids – ask the Court to take judicial notice of documents that they then use as a basis to challenge the factual averments in the complaint.").

Likewise, Defendants seek to use judicial notice of Exhibit D, Defendants' compilation and interpretation of Honda's ADR price and volume data for a 30-day period surrounding June 3, 2022 and September 28, 2022, to contradict Plaintiffs' well-pled allegation that the announcement of the National Highway Traffic Safety Administration's investigation into Honda's defective Idle Stop feature caused the decline in Honda's ADS price on June 3, 2022. *See* ECF No. 65 at 21. Again, Defendants' attempt to present their own version of the facts at the pleading stage undermines the usual pleading burdens and is not the purpose of judicial notice. *Khoja*, 899 F.3d at 1000; *see, e.g.*, *Baron v. Hyrecar Inc.*, 2022 WL 17413562, at *7 (C.D. Cal. Dec. 5, 2022) (denying judicial notice of "[defendant's] explanation of its insurance policies, which is not a matter beyond reasonable dispute such that

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

judicial notice is proper"); *Stamas v. Cnty. of Madera*, 2010 WL 2556560, at *3 (E.D. Cal. June 21, 2010) (noting courts "may not take judicial notice of the interpretation of the facts contained in [judicially noticeable] records").

Accordingly, the Request improperly seeks judicial notice of Exhibits 54, 56-58, and D to rebut well-pled allegations in the Complaint, and therefore, should be denied in its entirety as to these exhibits.

Conversely, should the Court find Exhibits 54, 56-58, and D judicially noticeable, such notice should be limited to the existence of the document itself and not for the truth of the matters asserted therein. Courts may "notice in a securities fraud action as documents reflecting publicly available information about the company…[b]ut that does not necessarily mean that every assertion of fact within these documents is judicially noticeable for its truth." *Baron,* 2022 WL 17413562, at *7 (granting judicial notice of SEC filings and investor call transcript but refusing to "consider these statements or any attendant implications for their truth") (internal quotations omitted); *see also In re Tesla, Inc. Sec. Litig.,* 477 F. Supp. 3d 903, 920 (N.D. Cal. 2020) (granting judicial notice of publicly available documents but refusing to "consider any of the exhibits to which Plaintiff objects (e.g. B, W, X, Y, and Z) in such a way that contradicts factual allegations pled in the Consolidated Complaint."); *Advanced BioTech, LLC v. BioWorld USA, Inc.,* 2020 WL 5797929, at *3 (E.D. Cal. Sept. 29, 2020) (limiting judicial notice of various documents filed with the California Secretary of State, in addition to a bankruptcy docket allegedly involving Advanced BioTech's predecessor company to "the existence of a document, 'not... the truth of the matters asserted therein.'") (quoting *Color Switch LLC v. Fortafy Games DMCC,* 377 F. Supp.3d 1075, 1089, n.6 (E.D. Cal. 2019), *aff'd* 818 Fed. Appx. 694 (9th Cir. June 26, 2020)). "While the fact of [the Consumer Class Action transfer and consolidation] is judicially noticeable, the [notice of transfer and consolidation order] cannot be read as establishing, 'as a matter of

5

public record,' that certain disputed events did or did not occur on the date of [the Consumer Class Action filing]." *Biedma v. Clark*, 2014 WL 3809963, at *2 (N.D. Cal. Aug. 1, 2014); *see e.g.*, *Goldstein v. Exxon Mobil Corp.,* 2023 WL 2667757, at *2 (C.D. Cal. Feb. 27, 2023) ("The Court takes judicial notice of the legal effect of the Court's July 5, 2022 Order (Exhibit A), but does not take judicial notice of reasonably disputed facts."); *Advanced Risk Managers, LLC v. Equinox Mgmt. Grp., Inc.,* 2019 WL 6716292, at *3 (N.D. Cal. Dec. 10, 2019) ("To the extent that Equinox seeks judicial notice of the existence of the lawsuit by ARM against Renaissance, the claims made in that action, and the fact that various documents were filed therein, the request is granted. It is otherwise denied as to any assertions of fact within the *Renaissance* action filings.").

## **CONCLUSION**

Defendants' Request improperly attempts to insert their own version of facts into the Complaint. This is inconsistent with a fundamental doctrine of civil procedure: that on a dispositive motion to dismiss, the Court is to "accept all factual allegations as true and view them in the light most favorable to Plaintiffs." *Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.,* 63 F.4th 747, 763 (9th Cir. 2023). Accordingly, though the Court *may* consider judicially noticeable facts at the pleadings stage, *Khoja* urges that it do so only in "rare instances." *Khoja*, 899 F.3d at 1002. Therefore, given that Defendants take no effort to establish the relevance of the Exhibits and the opposed Exhibits have been submitted to rebut Plaintiffs' well-pled allegations in the Complaint, the Court should reject the Request in its entirety or, at a bare minimum, as to Exhibits 54, 56, 57, 58 and D and/or or not consider these exhibits for the truth of the matters asserted therein.

//

//

//

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Dated:  September 21, 2023

Respectfully submitted,

**LEVI & KORSINSKY LLP**

 /s/ Adam Apton
Adam M. Apton (SBN 316506)
Devyn R. Glass (*pro hac vice*)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com
Email: dglass@zlk.com

*Lead Counsel for Plaintiffs and the Class*

**POMERANTZ LLP**
Tamar Weinrib (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Tel: (212) 661-1100
Facsimile: (917) 463-1044
Email: taweinrib@pomlaw.com

*Additional Counsel for Plaintiffs and the Class*

7

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs, certifies that this Memorandum of Points and Authorities contains 2,025 words, which complies with the word limit of L.R. 11-6.1.

/s/ *Adam Apton*

Adam M. Apton

8