BRYAN A. MERRYMAN (SBN 134357)
bmerryman@whitecase.com
WHITE & CASE LLP
555 South Flower Street, Ste. 2700
Los Angeles, CA  90071-2433
Telephone:  (213) 620-7700
Facsimile:   (213) 452-2329

CHRISTOPHER M. CURRAN (*pro hac vice*)
REUBEN J. SEQUEIRA (*pro hac vice*)
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:   (202) 639-9355
ccurran@whitecase.com
rsequeira@whitecase.com

SUSAN L. GRACE (*pro hac vice*)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY  10020
Telephone:  (212) 819-8200
Facsimile:   (212) 354-8113
susan.grace@whitecase.com

*Attorneys for Defendants*
Honda Motor Co., Ltd. and
American Honda Motor Co., Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| RHONDA BAYLOR, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiff,*<br><br>v.<br><br>HONDA MOTOR CO., LTD. and AMERICAN HONDA MOTOR CO., INC.,<br><br>*Defendants*. | Case No. 2:23-cv-00794-WLH-AGR<br><br>**DEFENDANT HONDA MOTOR CO., LTD. AND AMERICAN HONDA MOTOR CO., INC.'S REPLY MEMORANDUM IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE**<br><br>Date:  November 17, 2023<br>Time:  1:00 p.m.<br>Courtroom:  9B<br>Judge:  Hon. Wesley L. Hsu |

Honda Motor Co., Ltd. and American Honda Motor Co., Inc.'s
Reply Memorandum in Support of their Request for Judicial Notice;
2:23-cv-00794-WLH-AGR

Plaintiffs acknowledge (RJN Opp'n 1, ECF No. 70) that in deciding Defendants' motion to dismiss this Court may consider the documents Plaintiffs have relied on in their complaint or that may be judicially noticed under Rule 201 because they comprise matters "not subject to reasonable dispute." Fed. R. Evid. 201(b); *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Plaintiffs essentially object to "use" of the documents Defendants presented in their Request for Judicial Notice (ECF No. 65-2) "to establish purported 'facts' that are in dispute." RJN Opp'n 1, 3. Yet Plaintiffs have not identified a single "disputed" portion of any document at issue. *See* RJN Opp'n 3-6. Plaintiffs' alternative arguments (RJN Opp'n 3-6) about what inferences the Court should draw from the *un*disputed facts in the documents go to the merits of Defendants' Motion and are no basis to deny Defendants' Request.

## ARGUMENT

### I. ALL OF THE DOCUMENTS AT ISSUE COME WITHIN THE CATEGORIES THAT PLAINTIFFS CONCEDE THIS COURT MAY CONSIDER

While objecting "in part" to Defendants' Request for Judicial Notice, Plaintiffs concede that they "do not object to those exhibits which are referenced in the Complaint or otherwise subject to judicial notice in their own right under Federal Rule of Evidence 201." RJN Opp'n 1. Plaintiffs object specifically only to five documents not "referenced in nor attached to the Complaint" (RJN Opp'n 1), yet none is "subject to reasonable dispute" (Fed. R. Evid. 201(b)): three are court filings (Exhibits 54, 56, 57); and two contain stock price and dividend information, respectively (Exhibit 58, Exhibit D). Acknowledging that the Court "may take judicial notice of 'matters of public record'" (RJN Opp'n 3 (quoting *Lee*, 250 F.3d at 689-90)), Plaintiffs do not take issue with Defendants' authorities or otherwise contest that these five documents reflect matters of public record subject to judicial

Honda Motor Co., Ltd. and American Honda Motor Co., Inc.'s
Reply Memorandum in Support of their Request for Judicial Notice;
2:23-cv-00794-WLH-AGR

notice under Rule 201 and are admissible.  *See* RJN 2, 14-15 (citing authorities and detailing nature of the documents).

## II.   PLAINTIFFS ARE MISTAKEN THAT DEFENDANTS SEEK JUDICIAL NOTICE OF DISPUTED FACTS

Plaintiffs fail to identify any "disputed fact *stated in* [the] public records" that Defendants have submitted for judicial notice.   RJN Opp'n 3 (quoting *Lee*) (emphasis altered).  Regarding the court filings (Exhibits 54, 56, and 57), Plaintiffs do not dispute any of the following facts which, contrary to Plaintiffs' argument (*see* RJN Opp'n 2), Defendants brought to the Court's attention (*see* Mot. 20):

(i)    the *Bolooki* product-liability complaint (Exhibit 54, ECF No. 65-61) against Honda and American Honda, the Defendants here, was filed on the public docket of this Court on June 21, 2022;

(ii)    the *Cooper* product-liability complaint (Exhibit 55, to which Plaintiffs do not object), was filed three months later on September 28, 2022 in the U.S. District Court for the Northern District of Illinois;

(iii)    the *Cooper* parties, on December 14, 2022, stipulated to transfer the action to this Court stating:  "there is currently pending in the United States District Court for the Central District of California a putative class action [*Bolooki*] against AHM that is based on the same operative facts and circumstances as the complaint in this action [*Cooper*]" (Exhibit 56, ECF No. 65-63);

(iv)    this Court, on March 14, 2023, entered an order (Exhibit 57) consolidating *Cooper* (and another action) with *Bolooki*.

Nor do Plaintiffs dispute Defendants' authorities that the Court may take judicial notice of "court filings."   RJN 2 (citing cases); *see also, e.g.*, *Advanced Risk Managers*, 2019 WL 6716292, at *3 (quoted at RJN Opp'n 6) (granting "judicial notice of the existence of the lawsuit by [plaintiff] against [a non-party], the claims made in that action, and the fact that various documents were filed therein").

- 2-

Honda Motor Co., Ltd. and American Honda Motor Co., Inc.'s
Reply Memorandum in Support of their Request for Judicial Notice;
2:23-cv-00794-WLH-AGR

Defendants do not, as Plaintiffs absurdly suggest (Opp'n 3), "ask the Court to judicially notice the truth of the matters asserted" in the *Bolooki* and *Cooper* product-liability actions *against Defendants*. Defendants ask the Court to take judicial notice of the *Bolooki* complaint not for the purpose of accepting its allegations as true, but for the Court to accept that it was filed ahead of *Cooper* and recognize that the allegations in *Cooper* and *Bolooki* overlap. Mot. 20. These facts are beyond reasonably dispute and form the premise of Defendants' argument that *Cooper* did not first disclose the Idle Stop allegations.

Regarding the Honda ADS price and Honda's dividend information, Plaintiffs do not dispute that:

(i)     the table of price and volume data in Exhibit D and Defendants' Motion (at 21) accurately state the Honda ADS price on the NYSE;

(ii)    the NASDAQ report shown in Exhibit 58 and Defendants' motion (at 21) accurately state Honda's dividend.

Nor do Plaintiffs dispute Defendants' authorities that the Court may take judicial notice of such "stock price history and dividend history." RJN 2 (citing cases).

The facts above drawn from court filings and reliable financial sources are all undisputed facts — not Defendants' "own version" of facts (RJN Opp'n 2, 3, 4, 6) — and are quintessential matters for judicial notice. These undisputed facts form the premise of Defendants' *arguments* about falsity, scienter, and causation; but by taking judicial notice of these facts the Court is not taking judicial notice of the "fact" of, for example, lack of causation.

For all Plaintiffs' reliance on *Khoja* (RJN Opp'n 1-4, 6), *Khoja*'s holdings merely reaffirm that facts subject to judicial notice under Rule 201 must be "not subject to reasonable dispute." 899 F.3d at 1000-01 (holding improper judicial notice of (a) what was disclosed on an investor call, given potentially conflicting statements, because "[r]easonable people could debate what exactly this conference call disclosed"; and (b) the timing of defendant's study-results disclosure to

- 3-

Honda Motor Co., Ltd. and American Honda Motor Co., Inc.'s
Reply Memorandum in Support of their Request for Judicial Notice;
2:23-cv-00794-WLH-AGR

government agency, given multiple interpretations of *affiliate's* report to the agency, because "there is a reasonable dispute as to what the report establishes"). Yet tellingly, Plaintiffs do not argue that any fact from the documents at issue here is "subject to reasonable dispute." Fed. R. Evid. 201(b). Plaintiffs' various other authorities forbidding judicial notice of "disputed" facts (RJN Opp'n 3-4) are thus also misdirected. *See Cottle*, 536 F. Supp. 3d at 477 (declining notice where documents' relevance was disputed because the plaintiffs "signed up . . . before the effective dates" of policies and terms in submitted documents); *Goldstein*, 2023 WL 2667757 at *2 (noticing court filings and their "legal effect" but not "reasonably disputed facts" therein); *Stamas*, 2010 WL 2556560, at *3 (noticing public maps but not "meaning of the maps and recordations, which is a factual dispute in this case and subject to expert testimony"); *Biedma*, 2014 WL 3809963, at *2 & n.4 (declining to notice disputed factual findings in "state court acquittal").

*Khoja* does not preclude consideration of documents referenced and relied on in a complaint where a defendant seeks to use the documents as the basis of "a defense to the [purportedly] well-pled allegations in the complaint." 899 F.3d at 1002 (addressing "the more difficult question" of "whether a document can ever 'form the basis of the plaintiff's claim' if the complaint *does not mention the document at all*" (cleaned up, emphasis added)).

As to Plaintiffs' blanket objection covering documents incorporated by reference, Plaintiffs' authorities do not hold that Defendants must "specify the particular parts of the documents that are relevant and admissible." RJN Opp'n 2-3; *see Khoja,* 899 F.3d at 1002 (not requiring specification for documents incorporated by reference, explaining that "[t]he doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims"); *see also Van Nuys Cycle, Inc.*, 2015 WL 12811245, at *2 (specification not at issue where documents not qualified for incorporated by reference); *Capaci,* 445 F.Supp.3d at

- 4-

Honda Motor Co., Ltd. and American Honda Motor Co., Inc.'s
Reply Memorandum in Support of their Request for Judicial Notice;
2:23-cv-00794-WLH-AGR

617 (same); *Baghdasarian,* 2021 WL 4026760, at *3 (incorporation by reference not raised).  Once a document is deemed incorporated by reference, "the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *Crews v. Rivian Auto., Inc.*, No. 2:22-cv-01524-JLS-E, 2023 U.S. Dist. LEXIS 27602, at *22 (C.D. Cal. Feb. 16, 2023) (citation omitted).  Nonetheless, Defendants' motion to dismiss makes plain the parts of the documents Defendants rely upon.  *See* Mot. 2, 6, 11, 12, 14-18.

## III.    PLAINTIFFS ARE INCORRECT THAT THE COURT MAY NOT RELY ON JUDICIALLY NOTICED FACTS THAT CONTRADICT PLAINTIFFS' ALLEGATIONS

By eliding factual and legal *inferences* with direct allegations of fact, Plaintiffs improperly fault Defendants for seeking "to rebut Plaintiffs' [purportedly] well-pleaded allegations."  RJN Opp'n 3 (arguing Court "may not take judicial notice of 'disputed *facts* stated in public records'") (quoting *Lee*, 250 F.3d at 689-90) (emphases altered); *id.* at 5.  The Court "need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court." *Shwarz*, 234 F.3d at 435; *see Hofman v. Fid. Brokerage Servs., LLC*, 2023 WL 3872564, *8 (C.D. Cal. 2023) (granting motion to dismiss where pleaded facts and "documents subject to judicial notice plainly contradict this unadorned, implausible legal conclusion").

Plaintiffs mischaracterize as disputed "facts," allegedly unrebuttable on a motion to dismiss, Plaintiffs' allegations of "whether the [*Cooper*] Consumer Class Action revealed new information to the market and whether such disclosure caused Honda's ADS price to drop on September 29, 2022," and whether "the announcement of the National Highway Traffic Safety Administration's investigation into Honda's defective Idle Stop feature caused the decline in Honda's

- 5-

Honda Motor Co., Ltd. and American Honda Motor Co., Inc.'s
Reply Memorandum in Support of their Request for Judicial Notice;
2:23-cv-00794-WLH-AGR

ADS price on June 3, 2022." RJN Opp'n 3, 4. Properly construed, Plaintiffs' allegation of whether a purported disclosure "revealed [fraud] to the market and caused the resulting losses," as required to state a Section 10(b) claim (*Loos*, 762 F.3d at 887), "is not a 'fact.' It is an inference that [Plaintiffs] believe[] is warranted from the facts that are alleged" (*Metzler*, 540 F.3d at 1065 ("The [complaint's] allegation that the market understood the June 24 and August 2 disclosures as a revelation of [defendant's] systematic manipulation of student enrollment is not a 'fact.'")).

Defendants do not attempt to "establish" by judicial notice, as Plaintiffs assert (RJN Opp'n 3-4), the factual and legal *inferences* of disclosure or causation; instead, Defendants are properly attempting to establish facts not subject to reasonable dispute and then arguing what inferences should be drawn. Particularly in this PSLRA case, the Court "must consider . . . matters of which a court may take judicial notice" and "must consider, not only inferences urged by the plaintiff, . . . but also competing inferences." *Tellabs*, 551 U.S. at 314, 322 (vacating judgment for plaintiffs under Section 10(b)); *see Van Ryzin v. CitiMortgage, Inc.*, No. 13-cv-00086 PSG OPX, 2013 WL 1206807, at *4-5 (C.D. Cal. Mar. 22, 2013) (considering "competing interpretation[s]" of judicially noticed documents and concluding that "[t]he judicially noticed documents and the exhibits attached to the Complaint fatally undermine Plaintiffs' allegations").

Plaintiffs' authorities are not to the contrary. In *Tesla*, for example, the plaintiffs objected to judicial notice of news articles, arguing, as here, that the documents were "only offered to rebut the Consolidated Complaint's well-pleaded facts." 477 F. Supp. 3d at 920 (cited at RJN Opp'n 5); *see* RJN Opp'n 3, 5-6 (arguing *Bolooki* and *Cooper* filings in Exhibits 54, 56, 57 cannot be considered to rebut Plaintiffs' allegations about what the market was aware of at any given time). The *Tesla* court, however, took judicial notice of the news articles because, as here,

- 6-

Honda Motor Co., Ltd. and American Honda Motor Co., Inc.'s
Reply Memorandum in Support of their Request for Judicial Notice;
2:23-cv-00794-WLH-AGR

"Plaintiff has not identified any facts in the publications that are in conflict with those pleaded in the Consolidated Complaint. Nor is there any dispute about the public nature of those documents." *Id.* at 919.  And (contrary to the implication from Plaintiffs' selective *Tesla* quotation) the court concluded that because, as here (*see* FAC ¶¶138-41), "Plaintiff relies on the fraud-on-the-market doctrine, [] the Court may 'take judicial notice *that the market was aware of the information* contained in news articles.'"  *Id.* at 920 (record citation omitted) (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir. 1999) (citing Fed. R. Evid. 201) (emphasis added)); *see also Baron*, 2022 WL 17413562, at *7 (cited at RJN Opp'n 5, granting judicial notice of investor call transcript "as documents reflecting publicly available information about the company").

Plaintiffs' other authorities are inapposite or easily distinguishable.  *See Zamir*, 2018 WL 1258108, at *17 & n. 8 (granting judicial notice and considering but finding "the contents" of SEC letter not "relevant"); *Rollins*, 338 F. Supp. 3d at 1031 (declining to take notice of documents for truth where facts not used, as here, to "argu[e] the allegations in Plaintiffs' FAC"); *DalPoggetto*, 2020 WL 2374948, at *1 (declining to take notice of documents where "court cannot conclude . . . that the documents form the basis of plaintiff's claim" (cleaned up)); *Longo*, 2020 WL 3124221, at *1 (addressing documents that "plaintiffs do not cite"); *Riley*, 2020 WL 5217154, at *2-3 (in slip opinion "not intended for publication" or "to be included in or submitted to any online service such as Westlaw or Lexis," declining to take notice of defendant's SEC filings where relevant facts not identified); *Advanced BioTech*, 2020 WL 5797929, at *5 (declining to take notice of more than existence of prior litigation where defendants submitted "only a screenshot of the electronic case filing docket").

Defendants properly ask this Court to consider the undisputed facts subject to judicial notice and conclude, after considering the "competing interpretation" of

- 7-

Honda Motor Co., Ltd. and American Honda Motor Co., Inc.'s
Reply Memorandum in Support of their Request for Judicial Notice;
2:23-cv-00794-WLH-AGR

those facts, that Plaintiffs have failed to adequately allege their claim. *Van Ryzin*, 2013 WL 1206807, at *4-5.

## CONCLUSION

For the foregoing reasons and the reasons stated in Defendants' request, the Court should grant Defendants' Request for Judicial Notice (ECF No. 65-2).

Respectfully submitted,

Dated:         October 23, 2023                    WHITE & CASE LLP

                                                   By: */s/ Bryan A. Merryman*
                                                        Bryan A. Merryman

                                                   *Attorneys for Defendants*
                                                   Honda Motor Co., Ltd. and
                                                   American Honda Motor Co., Inc.

- 8-

Honda Motor Co., Ltd. and American Honda Motor Co., Inc.'s
Reply Memorandum in Support of their Request for Judicial Notice;
2:23-cv-00794-WLH-AGR