**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Devyn R. Glass (*pro hac vice*)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com
Email: dglass@zlk.com

*Counsel for Plaintiffs and the Class*

[additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| RHONDA BAYLOR, Individually and On Behalf of All Others Similarly Situated,<br><br>      *Plaintiff,*<br><br>   v.<br><br>HONDA MOTOR CO., LTD. and AMERICAN HONDA MOTOR COMPANY, INC.,<br><br>      *Defendants.* | Case No. 2:23-cv-00794-WLH-AGR<br><br>CLASS ACTION<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>**Hearing**<br>Date: November 17, 2023<br>Time: 1:30 P.M.<br>Courtroom: 9B<br>Judge: Hon. Wesley L. Hsu |

NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully submit this Notice of Supplemental Authority in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Opposition") (ECF No. 69) to alert the Court to a recent decision issued by the Ninth Circuit Court of Appeals, *In re Facebook, Inc. Sec. Litig.*, __ F.4th __, 2023 WL 6857600 (9th Cir. Oct. 18, 2023) (attached as **Exhibit 1** hereto). This decision was issued on October 18, 2023, after Plaintiffs filed their Opposition on September 21, 2023.

The *Facebook* decision supports Plaintiffs' position that the Amended Class Action Complaint (ECF No. 60) sufficiently alleges a causal connection between Defendants' false and misleading statements concerning the safety, reliability, and functionality of Honda vehicles equipped with the Idle Stop feature and the losses suffered by investors following: (1) the NHTSA's announcement on June 3, 2022, revealing its investigation into the Idle Stop defect and Honda's admission that numerous models/years had the defect; and (2) the filing of the Consumer Class Action on September 28, 2022, revealing the unreasonable risk posed by the Idle Stop defect, Defendants' longstanding knowledge of the defect dating back to as early as 2015, and significantly expanding the list of models/years effected by the defect previously identified in the NHTSA announcement. *See* Opposition at 19-22.

The *Facebook* decision reversed the district court's dismissal of various user control statements, including *inter alia*:

> Privacy is at the core of everything we do, and our approach to privacy starts with our commitment to transparency and control. [...] Our approach to control is based on the belief that people should be able to choose who can see what they share and how their data shapes their experience on Facebook. People can control the audience for their posts and the apps that can receive their data.

*In re Facebook, Inc. Sec. Litig.*, No. 5:18-cv-01725, ECF No. 142, ¶511 (N.D. Cal.); *see also, Facebook*, 2023 WL 6857600, at *16. The Ninth Circuit based this reversal on its finding that plaintiff adequately pleaded loss causation as to the stock drops that occurred after: (1) Facebook announced on March 16, 2018 that it was

1

suspending British political consulting firm, Cambridge Analytica, for violating its policies by sharing Facebook users' data without their consent, though public sources as far back as December 2015 had reported that Cambridge Analytica created a database of information about American voters by harvesting their Facebook data to which Facebook responded that it was "carefully investigating" the situation; and (2) Facebook announced a disappointing earnings report on July 25, 2018 in the wake of the Cambridge Analytica scandal and after the New York Times reported on June 3, 2018 that Facebook had continued sharing user data with dozens of whitelisted third parties. *See Facebook*, 2023 WL 6857600, at \*12-\*15.

Specifically, the Ninth Circuit held that plaintiff adequately pleaded loss causation following Facebook's March 2018 announcement of the Cambridge Analytica suspension concluding that, "because the 2015 and 2016 articles about Cambridge Analytica did not provide investors the necessary information to learn that Facebook users did not control their data, the shareholders adequately alleged that the March 2018 revelation was a corrective disclosure as to Facebook's statements that users control their data on the platform." *Id.* at \*13. Regarding Facebook's July 2018 stock price drop, the Ninth Circuit held that plaintiff adequately pleaded loss causation because "Facebook's earnings report revealed new information to the market; specifically, that Facebook's Q2 earnings call in July 2018 allowed the public to 'appreciate [the] significance' of the Cambridge Analytica and whitelisting scandals…[a]lthough the stock drop occurred *nearly two months after* the whitelisting revelation." *Id.* at \*15 (emphasis added).

Similarly, here, no prior disclosures, either by Defendants or the NHTSA, provided investors with "the necessary information to learn" that numerous Honda models/years were equipped with a defective Idle Stop feature causing it to not function as marketed and placed drivers and others in potentially hazardous situations, or that Honda knew about the defect as far back as 2015. *See Facebook*,

2

NOTICE OF SUPPLEMENTAL AUTHORITY

2023 WL 6857600, at *10 ("[T]he news of Cambridge Analytica's misconduct was far from 'transmitted to the public with a degree of intensity and credibility sufficient to effectively counterbalance any misleading impression.'") (quoting *Provenz v. Miller*, 102 F.3d 1478, 1493 (9th Cir. 1996)). Likewise, the Consumer Class Action revealed new information to the market, *i.e.*, it expanded upon the details of the unreasonable risks posed to drivers and others, it provided a more comprehensive list of Honda models/years equipped with the Idle Stop defect, and exposed Defendants' longstanding knowledge thereof. Moreover, the filing of the Consumer Class Action "allowed the public to appreciate the significance" of the defect, resulting in increased regulatory risk and litigation exposure. *See id.* at *15.

The *Facebook* decision is also instructive on Defendants' argument that Plaintiffs have not adequately pleaded falsity because they have not alleged that "at the time of any challenged statement the Idle Stop issue had raised an undisclosed risk of a recall or other fallout that could have materially impacted Honda's bottom line or the value of its ADSs." ECF No. 65 at 11-12. Even though Facebook did not know the extent of the reputational harm it would suffer as a result of the Cambridge Analytica scandal when making the alleged false and misleading statements, "does not avoid the reality that it 'create[d] an impression of a state of affairs that differ[ed] in a material way from the one that actually exist[ed].'" *Facebook*, 2023 WL 2023 WL 6857600, at *9 (quoting *Brody v. Transitional Hosps. Corp.,* 280 F.3d 997, 1006 (9th Cir. 2002)). Specifically, the Ninth Circuit held, "[o]ur case law does not require harm to have materialized for a statement to be materially misleading." *Id.* Here, because Defendants presented Honda vehicles equipped with the Idle Stop feature as safe, reliable, and functional as marketed when the defect already existed, such statements can be misleading "even if the magnitude of the ensuing harm was still unknown." *Id.*

//

NOTICE OF SUPPLEMENTAL AUTHORITY

Dated:  November 1, 2023

Respectfully submitted,

**LEVI & KORSINSKY LLP**

/s/ Adam M. Apton
Adam M. Apton (SBN 316506)
Devyn R. Glass (*pro hac vice*)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Email: aapton@zlk.com
Email: dglass@zlk.com

*Counsel for Plaintiffs and the Class*

**POMERANTZ LLP**
Tamar Weinrib (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Tel: (212) 661-1100
Facsimile: (917) 463-1044
Email: taweinrib@pomlaw.com

*Additional Counsel for Plaintiffs and the Class*

4

NOTICE OF SUPPLEMENTAL AUTHORITY

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on this day, November 1, 2023, I caused the foregoing Notice of Supplemental Authority and all exhibits attached hereto, to be served on all counsel of record via the CM/ECF filing system.

DATED: November 1, 2023                  /s/ Adam M. Apton
                                          Adam M. Apton

NOTICE OF SUPPLEMENTAL AUTHORITY