BRYAN A. MERRYMAN (SBN 134357)
bmerryman@whitecase.com
WHITE & CASE LLP
555 South Flower Street, Ste. 2700
Los Angeles, CA  90071-2433
Telephone:  (213) 620-7700
Facsimile:   (213) 452-2329

CHRISTOPHER M. CURRAN (*pro hac vice*)
REUBEN J. SEQUEIRA (*pro hac vice*)
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:   (202) 639-9355
ccurran@whitecase.com
rsequeira@whitecase.com

SUSAN L. GRACE (*pro hac vice*)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 819-8200
Facsimile:   (212) 354-8113
susan.grace@whitecase.com

*Attorneys for Defendants*
Honda Motor Co., Ltd. and
American Honda Motor Co., Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| RHONDA BAYLOR, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiff,*<br><br>v.<br><br>HONDA MOTOR CO., LTD. and AMERICAN HONDA MOTOR CO., INC.,<br><br>*Defendants*. | Case No. 2:23-cv-00794-WLH-AGR<br><br>**DEFENDANTS HONDA MOTOR CO., LTD. AND AMERICAN HONDA MOTOR CO., INC.'S NOTICE OF SUPERSEDING AUTHORITY IN FURTHER RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Date:  January 19, 2024<br>Time:  1:30 p.m.<br>Courtroom:  9B<br>Judge:  Hon. Wesley L. Hsu |

Honda Motor Co., Ltd. and American Honda Motor Co., Inc.'s
Further Response to Plaintiffs' Notice of Supplemental Authority;
2:23-cv-00794-WLH-AGR

On December 4, 2023, the Ninth Circuit panel that decided *In re Facebook, Inc. Sec. Litig.*, 84 F.4th 844 (9th Cir. Nov. 1, 2023) (*see* Pls.' Notice of Suppl. Authority and Ex. A (ECF Nos. 74, 74-1)), issued an amended, superseding version of the opinion (*see In re Facebook, Inc. Sec. Litig.*, No. 22-15077, 2023 WL 8365362 (9th Cir. Dec. 4, 2023) (attached as Ex. 1)).  The superseding opinion re-enforces this Circuit's precedent that the heightened pleading standard under Rule 9(b) applies to loss causation.

Facebook had argued in its petition for panel rehearing and rehearing en banc that the panel's original opinion "create[d] a clear conflict with a published Ninth Circuit opinion holding plaintiffs must satisfy the heightened pleading standard in Federal Rule 9(b) for 'all elements of a securities fraud action, including loss causation.'"  *See* Pet. 8, *In re Facebook, Inc. Sec. Litig.*, No. 22-15077 (9th Cir. Nov. 1, 2023), ECF No. 50-1 (quoting *Or. Pub. Emps.*, 774 F.3d at 605); *id.* at 9 (invoking "law-of-the-circuit doctrine" that "'a later three-judge panel . . . may not any more disregard the earlier panel's opinion than it may disregard a ruling of the Supreme Court'") (quoting *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001)); *see also* Defs.' Resp. to Pls.' Notice of Suppl. Authority 1-2 (ECF No. 76) (quoting *Or. Pub. Emps.*, 774 F.3d at 605).  The Ninth Circuit panel denied Facebook's petition but attached to the order of denial an amended opinion.

The amendments realigned the panel's decision in *Facebook* with the Ninth Circuit's binding precedent.  The superseding opinion expressly restated the standard for pleading loss causation and also retracted the now-inapplicable presumption that dismissal for failure to plead loss causation is normally inappropriate:

Original opinion:

> Neither the Federal Rules of Civil Procedure nor the federal securities laws "impose any special further requirement in respect to the pleading of proximate causation or economic loss" beyond the "***short and plain statement*** of the claim"

Honda Motor Co., Ltd. and American Honda Motor Co., Inc.'s
Further Response to Plaintiffs' Notice of Supplemental Authority;
2:23-cv-00794-WLH-AGR

required by Rule 8. *Dura Pharms.*, 544 U.S. at 346, 125 S. Ct. 1627. ***At the pleading stage, it is generally inappropriate to dismiss for failure to establish loss causation***. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008) (agreeing that loss causation "is a matter of proof at trial and not to be decided on a Rule 12(b)(6) motion to dismiss" (citation omitted)).

*Facebook*, 84 F.4th at 864 (original opinion) (emphasis added).

<u>Amended opinion</u>:

"At the pleading stage, ***the plaintiff's task is to allege with particularity*** facts 'plausibly suggesting' that [such] showings can be made." *In re BofI Holding, Inc., Sec. Litig.*, 977 F.3d 781, 791 (9th Cir. 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)); *see also Or. Pub. Emps. Ret. Fund v. Apollo Grp., Inc.*, 774 F.3d 598, 605 (9th Cir. 2014) ("***Rule 9(b) applies to all elements of a securities fraud action, including loss causation***."); *accord Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

*Facebook*, 2023 WL 8365362, at *13 (amended opinion) (emphasis added); *see id.* at *15 (now holding shareholders pleaded loss causation "with particularity").

The Ninth Circuit's corrected decision in *Facebook* confirms that Rule 9(b) applies to all elements of Plaintiffs' claims, including loss causation, and further supports Defendants' arguments that Plaintiffs have failed to state a claim. *See* Mot. 19-22 (ECF No. 65); Reply Br. 10-13 (ECF No. 71); Defs.' Resp. to Pls.' Notice

Honda Motor Co., Ltd. and American Honda Motor Co. Inc.'s
Further Response to Plaintiffs' Notice of Supplemental Authority;
2:23-cv-00794-WLH-AGR

of Suppl. Authority 2-3 (ECF No. 76) (arguing from stark distinctions with the allegations in *Facebook*).

Respectfully submitted,

Dated:        December 14, 2023               WHITE & CASE LLP

                                              By: */s/ Bryan A. Merryman*
                                                  Bryan A. Merryman

                                              *Attorneys for Defendants*
                                              Honda Motor Co., Ltd. and
                                              American Honda Motor Co., Inc.

- 3 -

Honda Motor Co., Ltd. and American Honda Motor Co. Inc.'s
Further Response to Plaintiffs' Notice of Supplemental Authority;
2:23-cv-00794-WLH-AGR