**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Devyn R. Glass (*pro hac vice*)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com
Email: dglass@zlk.com

*Lead Counsel for Plaintiffs and the Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| RHONDA BAYLOR, Individually and On Behalf of All Others Similarly Situated, <br><br> *Plaintiff,* <br><br> v. <br><br> HONDA MOTOR CO., LTD. and AMERICAN HONDA MOTOR COMPANY, INC., <br><br> *Defendants.* | Case No. 2:23-cv-00794-WLH-AGR <br><br> <u>CLASS ACTION</u> <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT** |

## **INTRODUCTION**

Plaintiffs respectfully oppose Defendants' Request for Judicial Notice (ECF No. 86-2) ("Request" or "RJN"). Defendants present fifty-three exhibits (*see* ECF Nos. 86-4 - 86-56) for the Court's consideration in assessing their Motion to Dismiss ("Motion" or "Mot.") (ECF No. 86). While some of these documents are integral to Plaintiffs' Second Amended Class Action Complaint (ECF No. 83) ("SAC"), and therefore, subject to the doctrine of incorporation by reference or judicial notice, others are not properly before the Court for consideration at the pleading stage. In particular, Defendants ask the Court to accept Exhibits 44-46 and D for the truth of the matter asserted therein to contradict Plaintiffs' well-pled factual allegations and support their counter-narrative of events – a tactic courts across the country have strongly criticized for years. *See Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 998 (9th Cir. 2018) (admonishing "a concerning pattern in securities cases like this one: exploiting [judicial notice and incorporation by reference] improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage.") Because the SAC's factual allegations must be taken as true and correct and all inferences construed in Plaintiffs' favor, the Court should deny consideration of the exhibits not properly before it on a motion to dismiss and reject any improper references to, or reliance on, the truth of the matter asserted therein. *See In re Green DOT Corp. Sec. Litig.*, No. CV 19-10701 DDP (Ex), 2024 U.S. Dist. LEXIS 62017, at *8-10 (C.D. Cal. Mar. 29, 2024) (denying request for judicial notice of "32 separate exhibits, spanning over 1,100 pages" under *Khoja* and addressing only "arguments that do not depend upon facts outside the four corners [of] the amended complaint").

## **ARGUMENT**

In considering a Rule 12(b)(6) motion, courts must "accept all factual allegations as true and view them in the light most favorable to Plaintiffs." *Glazer*

1

*Cap. Mgmt., L.P. v. Forescout Techs., Inc.,* 63 F.4th 747, 763 (9th Cir. 2023). As such, "[g]enerally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja*, 899 F.3d at 998. There are two narrow exceptions to this rule: (1) "the incorporation-by-reference doctrine" and (2) "judicial notice under Federal Rule of Evidence 201." *Id.* A document is considered "incorporated-by-reference" in a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). And, under Rule 201, a court may take judicial notice of an "adjudicative fact"—*i.e.*, relevant fact—"not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The exceptions are narrow because the "unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Khoja*, 899 F.3d at 1003.

Moreover, courts may not assume the truth of an incorporated document or judicially noticed fact "if such assumptions only serve to dispute facts in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003. Accordingly, a court may take "judicial notice of matters of public record," but "cannot take judicial notice of disputed facts contained in such public records." *Id.* at 999 (citation and quotations omitted). "If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief. Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine." *Id.* at 998. Accordingly, the Court should reject consideration of Exhibits 44-46 and D for the purpose in which these documents were offered, to rebut well-

pled allegations in the SAC. *See Khoja*, 899 F.3d 988 at 1000 ("[t]o the extent that the district court judicially noticed the ... investors' call transcript for the purpose for which [it] was offered, *i.e.,* to determine what the investors knew ... the district court abused its discretion.").

Specifically, Defendants improperly rely on Exhibits 44-46 to directly contradict the SAC's well-pled allegations that the Consumer Action[1] revealed new information to the market and such disclosure caused Honda's ADS price to drop on September 29, 2022. *See* Mot. at 18-21. At the very least, Defendants seek judicial notice of these exhibits in the hopes that the Court will accept the facts therein as true and use them to discredit the SAC's allegations. As such, Exhibits 44-46 are not properly before the Court for consideration at a motion to dismiss. *See Cottle v. Plaid Inc.,* 536 F. Supp. 3d 461, 477 (N.D. Cal. 2021) ("Given disputes about the meaning and relevance of these materials, the court declines to take judicial notice of Exhibits A through E."); *see also Khoja*, 899 F.3d at 1000 ("[i]t is improper to judicially notice a [document] when the substance of the [document] is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes.") (internal citation omitted); *DalPoggetto v. Wirecard AG*, 2020 WL 2374948, at *1 (C.D. Cal. Apr. 15, 2020) (denying judicial notice of documents defendants were using to create a defense to the well-pled allegations in the complaint); *Longo v. OSI Systems, Inc.*, 2020 WL 3124221, *1 (C.D. Cal. March 11, 2020) (same); *Riley v. Chopra*, 2020 WL 5217154, at *2 (C.D. Cal. June 19, 2020) (rejecting incorporation-by-reference where, in part, defendant tried to use one of the documents to rebut one of plaintiff's claims); *Zamir v. Bridgepoint Educ., Inc.,* 2018 WL 1258108, at *17 (S.D. Cal. Mar. 12, 2018) (refusing to construe SEC letter submitted for judicial notice in an "attempt to rebut [plaintiff's scienter] argument"); *Rollins v. Dignity Health*, 338 F.Supp.3d 1025, 1031 (N.D. Cal. 2018) (denying

---

[1] The "Consumer Action" refers to *Cooper v. American Honda Motor Co., Inc.,* No. 1:22-cv-05299 (N.D. Ill.).

3

judicial notice where the requesting parties "repeatedly do what *Khoja* forbids – ask the Court to take judicial notice of documents that they then use as a basis to challenge the factual averments in the complaint.").

Likewise, Defendants improperly rely on Exhibit D, Defendants' compilation and interpretation of Honda's ADS price and volume data for a 30-day period surrounding June 3, 2022 and September 28, 2022, to contradict Plaintiffs' well-pled allegation that the announcement of the National Highway Traffic Safety Administration's investigation into Honda's defective Idle Stop feature caused the decline in Honda's ADS price on June 3, 2022. *See* Mot. at 20-21. Again, Defendants' attempt to exploit judicial notice to dispute the SAC's well-pled facts undermines the standard of review at the pleading stage. *Khoja*, 899 F.3d at 1000; *see, e.g.*, *Baron v. Hyrecar Inc.,* 2022 WL 17413562, at \*7 (C.D. Cal. Dec. 5, 2022) (denying judicial notice of "[defendant's] explanation of its insurance policies, which is not a matter beyond reasonable dispute such that judicial notice is proper"); *Stamas v. Cnty. of Madera*, 2010 WL 2556560, at \*3 (E.D. Cal. June 21, 2010) (noting courts "may not take judicial notice of the interpretation of the facts contained in [judicially noticeable] records"). Accordingly, the Court should deny judicial notice of Exhibits 44-46 and D.

Conversely, should the Court find Exhibits 44-46 and D judicially noticeable, such notice should be limited to the existence of the document itself and not for the truth of the matter asserted therein. Courts may "notice in a securities fraud action as documents reflecting publicly available information about the company…[b]ut that does not necessarily mean that every assertion of fact within these documents is judicially noticeable for its truth." *Baron,* 2022 WL 17413562, at \*7 (granting judicial notice of SEC filings and investor call transcript but refusing to "consider these statements or any attendant implications for their truth") (internal quotations omitted); *see also Aramic LLC v. Revance Therapeutics, Inc.*, 2024 WL 1354503, at

*3 (N.D. Cal. Apr. 2, 2024) ("tak[ing] judicial notice of the incorporated documents but does not assume the truth of disputed facts" where "Plaintiffs agree that []press releases, earnings call and presentation transcripts, and SEC[] are incorporated by reference, but may not be considered for their truth"); *In re Tesla, Inc. Sec. Litig.,* 477 F. Supp. 3d 903, 920 (N.D. Cal. 2020) (granting judicial notice of publicly available documents but refusing to "consider any of the exhibits to which Plaintiff objects [] in such a way that contradicts factual allegations pled in the Consolidated Complaint."); *Advanced BioTech, LLC v. BioWorld USA, Inc.,* 2020 WL 5797929, at *3 (E.D. Cal. Sept. 29, 2020) (limiting judicial notice of various documents filed with the California Secretary of State, in addition to a bankruptcy docket allegedly involving Advanced BioTech's predecessor company to "the existence of a document, 'not... the truth of the matters asserted therein.'") (quoting *Color Switch LLC v. Fortafy Games DMCC,* 377 F. Supp.3d 1075, 1089, n.6 (E.D. Cal. 2019), *aff'd* 818 Fed. Appx. 694 (9th Cir. June 26, 2020)). "While the fact of [the Consumer Action transfer and consolidation] is judicially noticeable, the [notice of transfer and consolidation order] cannot be read as establishing, 'as a matter of public record,' that certain disputed events did or did not occur on the date of [the Consumer Action filing]." *Biedma v. Clark*, 2014 WL 3809963, at *2 (N.D. Cal. Aug. 1, 2014); *see e.g.*, *Goldstein v. Exxon Mobil Corp.,* 2023 WL 2667757, at *2 (C.D. Cal. Feb. 27, 2023) ("The Court takes judicial notice of the legal effect of the Court's July 5, 2022 Order (Exhibit A), but does not take judicial notice of reasonably disputed facts."); *Advanced Risk Managers, LLC v. Equinox Mgmt. Grp., Inc.,* 2019 WL 6716292, at *3 (N.D. Cal. Dec. 10, 2019) ("To the extent that Equinox seeks judicial notice of the existence of the lawsuit by ARM against Renaissance, the claims made in that action, and the fact that various documents were filed therein, the request is granted. It is otherwise denied as to any assertions of fact within the *Renaissance* action filings.").

Furthermore, it is not enough for Defendants to argue that Exhibits 44, 45, and 46 are simply subject to judicial notice; they must also demonstrate and specify the "adjudicative facts" properly before the Court for consideration at a motion to dismiss. *See Van Nuys Cycle, Inc. v. Harley-Davison Motor Co.,* 2015 WL 12811245, at *2 (C.D. Cal. Jan. 20, 2015). The Ninth Circuit made clear that "[a] court must also consider—and identify—which fact or facts it is noticing from … [a document]. Simply because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. Defendants ask the Court to judicially notice all the factual content contained in Exhibits 44-46, "an action this Court [has been] unwilling and unable to take." *Baghdasarian v. Macy's, Inc.,* 2021 WL 4026760, at *3 (C.D. Cal. Sept. 2, 2021) (citing *Khoja*, 899 F.3d at 999-100); *see also DalPoggetto*, 2020 WL 2374948, at *2 (denying the defendant's request for judicial notice where the defendant had only requested that the court notice whole documents rather than specific facts); *Capaci v. Sports Research Corp.,* 445 F.Supp.3d 607, 617 (C.D. Cal. Mar. 26, 2020) (denying request for judicial notice where defendant did "not indicate which facts within the exhibits" it sought notice of but rather "simply request[ed] that the court take judicial notice of the documents in their entirety.").

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny notice of Exhibits 44, 45, 46, and D, or in the alternative, deny consideration of these exhibits for the truth of the matter asserted therein.

//

//

//

//

//

6

Dated:  April 12, 2024

Respectfully submitted,

**LEVI & KORSINSKY LLP**

 /s/ Adam Apton
Adam M. Apton (SBN 316506)
Devyn R. Glass (*pro hac vice*)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com
Email: dglass@zlk.com

*Lead Counsel for Plaintiffs and the Class*

**POMERANTZ LLP**
Tamar Weinrib (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Tel: (212) 661-1100
Facsimile: (917) 463-1044
Email: taweinrib@pomlaw.com

*Additional Counsel for Plaintiffs and the Class*

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this Memorandum of Points and Authorities contains 1,956 words, which complies with the word limit of L.R. 11-6.1.

 /s/ *Adam Apton*

Adam M. Apton

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE