BRYAN A. MERRYMAN (SBN 134357)
bmerryman@whitecase.com
WHITE & CASE LLP
555 South Flower Street, Ste. 2700
Los Angeles, CA  90071
Telephone:  (213) 620-7700
Facsimile:  (213) 452-2329

CHRISTOPHER M. CURRAN (*pro hac vice*)
REUBEN J. SEQUEIRA (*pro hac vice*)
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC  20005
Telephone: (202) 626-3600
Facsimile:  (202) 639-9355
ccurran@whitecase.com
rsequeira@whitecase.com

SUSAN L. GRACE (*pro hac vice*)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY  10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
susan.grace@whitecase.com

*Attorneys for Defendants*
Honda Motor Co., Ltd. and
American Honda Motor Co., Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| RHONDA BAYLOR, Individually and On Behalf of All Others Similarly Situated,<br><br>   *Plaintiff,*<br><br> v.<br><br>HONDA MOTOR CO., LTD. and AMERICAN HONDA MOTOR CO., INC.,<br><br>   *Defendants.* | Case No. 2:23-cv-00794-WLH-AGR<br><br>**DEFENDANT HONDA MOTOR CO., LTD. AND AMERICAN HONDA MOTOR CO., INC.'S REPLY MEMORANDUM IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE**<br><br>Date:  May 17, 2024<br>Time:  1:30 p.m.<br>Courtroom:  9B<br>Judge:  Hon. Wesley L. Hsu |

Honda Motor Co., Ltd. and American Honda Motor Co., Inc.'s
Reply Memorandum in Support of their Request for Judicial Notice;
2:23-cv-00794-WLH-AGR

Plaintiffs do not oppose Defendants' Request for Judicial Notice of Exhibits 1-43 and 47-49.  *See* Pls' Opp'n to Request for Judicial Notice (ECF No. 89) ("RJN Opp'n") at 1, 6.  Rather, Plaintiffs dispute only Exhibits 44-46 and D, which comprise (i) a stipulation to transfer filed in the *Cooper* consumer class action (Exhibit 44); (ii) an order consolidating *Cooper* with the *Bolooki* consumer class action (Exhibit 45); (iii) a printout from a NASDAQ webpage showing Honda's dividend history (Exhibit 46); and (iv) a summary of Honda ADS price and volume data from the New York Stock Exchange (Exhibit D).  These documents are prototypical examples of matters that are subject to judicial notice because they are "not subject to reasonable dispute."  Fed. R. Evid. 201(b); *see* Defs' Request for Judicial Notice (ECF No. 86-2) ("RJN") at 1.  Plaintiffs essentially object to using these documents to establish purported "disputed facts," then mischaracterize as facts their allegations about loss causation.  RJN Opp'n at 2:20, 3:5-8.  Ultimately, Plaintiffs fail to identify a single "disputed" portion of any document at issue.  Plaintiffs' arguments about what inferences the Court should draw from the *un*disputed facts in the documents go to the merits of Defendants' Motion to Dismiss and are no basis to deny Defendants' Request for Judicial Notice.

## **ARGUMENT**

### **I.    THE OPPOSITION IS INCORRECT THAT DEFENDANTS SEEK JUDICIAL NOTICE OF DISPUTED FACTS**

The Opposition acknowledges that the Court "may take 'judicial notice of matters of public record'" (RJN Opp'n 2:18-19 (quoting *Khoja*, 899 F.3d at 1003)), and does not take issue with Defendants' authorities that the four challenged documents reflect matters of public record subject to judicial notice under Rule 201.  *See* RJN 2:2-7, 12:5-19, 13:14-20.  While arguing that the Court should not take notice of "the truth of the matter asserted" in the documents (RJN Opp'n 4:19-21), the Opposition fails to identify any facts in the documents that are in dispute.

Regarding the court filings (Exhibits 44-45), Plaintiffs do not dispute any of

- 1 -

Honda Motor Co., Ltd. and American Honda Motor Co., Inc.'s
Reply Memorandum in Support of their Request for Judicial Notice;
2:23-cv-00794-WLH-AGR

the following facts which — contrary to Plaintiffs' argument (*see* RJN Opp'n 6:1-4) — Defendants brought to the Court's attention (*see* Mot. to Dismiss (ECF No. 86) at 20:1-14):

(i)    the parties in *Cooper* — i.e., the consumer product liability action Plaintiffs cite in the SAC as having revealed information about the alleged Idle Stop defect (SAC ¶12 n.1) — on December 14, 2022, stipulated to transfer the action to this Court stating: "there is currently pending in the United States District Court for the Central District of California a putative class action [*Bolooki*] against AHM that is based on the same operative facts and circumstances as the complaint in this action [*Cooper*]" (Exhibit 44, ECF No. 86-51);

(ii)    this Court, on March 14, 2023, entered an order (Exhibit 45, ECF No. 86-52) consolidating *Cooper* (and another action) with *Bolooki*.

Nor does the Opposition rebut Defendants' authorities that the Court may take judicial notice of "court filings." RJN 2:1-7 (citing cases); *see also, e.g.*, *Advanced Risk Managers*, 2019 WL 6716292, at *3 (quoted at RJN Opp'n 5:22-27) (granting "judicial notice of the existence of the lawsuit by [plaintiff] against [a non-party], the claims made in that action, and the fact that various documents were filed therein"). In any event, Plaintiffs do not dispute that the *Cooper* and *Bolooki* complaints are in fact "practically identical" and "based on the same operative facts." Mot. 20:5-6; *see* Exhibits 42-43; RJN 11:23-12:4.

Regarding the Honda ADS price and Honda's dividend information, Plaintiffs do not dispute that:

(i)    the table of price and volume data in Exhibit D (cited at Mot. 21:4-5) accurately states the Honda ADS price as available from the NYSE; and

(ii)    Exhibit 46 (cited at Mot. 21:23-24) is an accurate printout from the NASDAQ's website and accurately states Honda's dividend history.

Nor does the Opposition rebut Defendants' authorities that the Court may take

- 2-

Honda Motor Co., Ltd. and American Honda Motor Co., Inc.'s
Reply Memorandum in Support of their Request for Judicial Notice;
2:23-cv-00794-WLH-AGR

judicial notice of such "stock price history and dividend history."  RJN 2:14-26 (citing cases).

The facts above drawn from court filings and reliable financial sources are all undisputed facts — not Defendants' "own version" or "interpretation" of facts (RJN Opp'n 2:21, 4:5) — and are quintessential matters for judicial notice.  These undisputed facts form the premise of Defendants' arguments about falsity, scienter, and causation; but by taking judicial notice of these facts the Court is not rejecting any well-pleaded factual allegation in the SAC.

For all the Oppositions' reliance on *Khoja* (RJN Opp'n 1-4, 6), *Khoja*'s holdings merely reaffirm that facts subject to judicial notice under Rule 201 must be "not subject to reasonable dispute."  899 F.3d at 1000-01 (holding improper judicial notice of (a) what was disclosed on an investor call because the transcript was "not entirely consistent" and "subject to varying interpretations," such that "there is no fact established by the transcript 'not subject to reasonable dispute'"; and (b) a government agency report to show the defendant had provided certain information, because the report reflected the information but "does not establish who told the [agency]").  Yet tellingly, Plaintiffs do not argue that any fact from the documents at issue here is "subject to reasonable dispute."  Fed. R. Evid. 201(b).

Plaintiffs' various other authorities forbidding judicial notice of "disputed" facts (RJN Opp'n 3-5) are thus also misdirected.  *See Cottle*, 536 F. Supp. 3d at 477 (declining notice of disputed privacy policies "effective" only after the relevant period); *Goldstein*, 2023 WL 2667757 at *2 (noticing court filings and their "legal effect" but not "reasonably disputed facts" therein); *Stamas*, 2010 WL 2556560, at *3 (noticing public maps but not "meaning of the maps and recordations, which is a factual dispute in this case and subject to expert testimony"); *Biedma*, 2014 WL 3809963, at *2 & n.4 (noticing fact of acquittal but declining to notice disputed "adjudicative facts" in state court verdict).

- 3-

Honda Motor Co., Ltd. and American Honda Motor Co., Inc.'s
Reply Memorandum in Support of their Request for Judicial Notice;
2:23-cv-00794-WLH-AGR

## II. THE OPPOSITION IS INCORRECT THAT THE COURT MAY NOT RELY ON JUDICIALLY NOTICED FACTS CONTRADICTING PLAINTIFFS' ALLEGATIONS

The Opposition mischaracterizes *Khoja*'s prohibition on noticing "disputed facts in such public records" (RJN Opp'n 2:18-20 (quoting *Khoja*, 899 F.3d at 999)), as a prohibition on "rebut[ting] well pled allegations" (RJN Opp'n 2:26-31). The Court "need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court." *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000); *see Hofman v. Fid. Brokerage Servs., LLC*, 2023 WL 3872564, at *8 (C.D. Cal. 2023) (granting motion to dismiss where pleaded facts and "documents subject to judicial notice plainly contradict this unadorned, implausible legal conclusion").

The Opposition also misleadingly treats as facts Plaintiffs' "allegations" that (i) "the [*Cooper*] Consumer Class Action revealed new information to the market and such disclosure caused Honda's ADS price to drop on September 29, 2022" (RJN Opp'n 3:6-8) and (ii) that "the announcement of the National Highway Traffic Safety Administration's investigation into Honda's defective Idle Stop feature caused the decline in Honda's ADS price on June 3, 2022" (*id.* at 4:7-9). Plaintiffs' allegation that a disclosure "revealed [fraud] to the market and caused the resulting losses," as required to state a Section 10(b) claim (*Loos*, 762 F.3d at 887), "is not a 'fact.'" *Metzler*, 540 F.3d at 1065. Rather, "[i]t is an inference that [Plaintiffs] believe[] is warranted from the facts that are alleged." *Id.* (declining to accept plaintiffs' "allegation that the market understood the June 24 and August 2 disclosures as a revelation" of new information supporting loss causation).

Defendants do not attempt to establish by judicial notice, as Plaintiffs assert (RJN Opp'n 3-4), the factual and legal *inferences* of disclosure or causation; instead, Defendants are properly attempting to establish facts not subject to reasonable dispute and then argue — in the Motion to Dismiss — what inferences should be drawn. Particularly in this PSLRA case, the Court "must consider . . . matters of

- 4-

Honda Motor Co., Ltd. and American Honda Motor Co., Inc.'s
Reply Memorandum in Support of their Request for Judicial Notice;
2:23-cv-00794-WLH-AGR

which a court may take judicial notice" and "must consider, not only inferences urged by the plaintiff, . . . but also competing inferences." *Tellabs*, 551 U.S. at 314, 322 (vacating judgment for plaintiffs under Section 10(b)); *see Van Ryzin v. CitiMortgage, Inc.*, No. 13-cv-00086-PSG-OPX, 2013 WL 1206807, at *4-5 (C.D. Cal. Mar. 22, 2013) (considering "competing interpretation[s]" of judicially noticed documents and concluding that "[t]he judicially noticed documents and the exhibits attached to the Complaint fatally undermine Plaintiffs' allegations").

In *Tesla* (cited at RJN Opp'n 5), the plaintiffs objected to judicial notice of news articles, arguing, as Plaintiffs here, that the documents were "only offered to rebut the Consolidated Complaint's well-pleaded facts." 477 F. Supp. 3d at 920; *see* RJN Opp'n 3, 5-6 (arguing *Bolooki* and *Cooper* filings in Exhibits 44 and 45 cannot be considered to rebut Plaintiffs' allegations about what the market was aware of at any given time). The *Tesla* court, however, took judicial notice of the news articles because, as here, "Plaintiff has not identified any facts in the publications that are in conflict with those pleaded in the Consolidated Complaint. Nor is there any dispute about the public nature of those documents." *Id.* at 919. And (contrary to the implication from Plaintiffs' selective *Tesla* quotation) the court concluded that because, as here (*see* SAC ¶¶138-41), "Plaintiff relies on the fraud-on-the-market doctrine, [] the Court may 'take judicial notice *that the market was aware of the information* contained in news articles.'" *Id.* at 920 (record citation omitted) (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir. 1999) (citing Fed. R. Evid. 201) (emphasis added)); *see also Baron*, 2022 WL 17413562, at *7 (cited at RJN Opp'n 4) (granting judicial notice of investor call transcript "as documents reflecting publicly available information about the company").

Plaintiffs' other authorities are inapposite or distinguishable, including because they involved incorporation by reference, not judicial notice under Rule 201, or factual disputes rather than, as here, arguments about legal inferences from undisputed facts. *See Zamir*, 2018 WL 1258108, at *17 & n.8 (granting judicial

- 5-

Honda Motor Co., Ltd. and American Honda Motor Co., Inc.'s
Reply Memorandum in Support of their Request for Judicial Notice;
2:23-cv-00794-WLH-AGR

notice and but finding the contents of the document not "relevant"); *Rollins*, 338 F. Supp. 3d at 1031 (holding defendants were "trying to factually rebut" allegations not "arguing the allegations" based on undisputed facts); *DalPoggetto*, 2020 WL 2374948, at *1 (holding incorporation by reference improper where "court cannot conclude . . . that the documents form the basis of plaintiff's claim" (cleaned up)); *Longo*, 2020 WL 3124221, at *1-2 (holding incorporation by reference improper for documents not cited or briefly referenced in complaint); *Riley*, 2020 WL 5217154, at *2-3 (in slip opinion "not intended for publication" or "to be included in or submitted to any online service such as Westlaw or Lexis," declining to take notice of SEC filings where relevant facts not identified); *Advanced BioTech*, 2020 WL 5797929, at *5 (declining to take notice of more than existence of prior litigation where defendants submitted "only a screenshot of the electronic case filing docket").

Defendants properly ask this Court to consider the undisputed facts subject to judicial notice and conclude, after considering the "competing interpretation" of those facts, that Plaintiffs have failed to adequately allege their claim. *Van Ryzin*, 2013 WL 1206807, at *4-5.

## CONCLUSION

For the foregoing reasons and the reasons stated in Defendants' request, the Court should grant Defendants' Request for Judicial Notice (ECF No. 86-2) in full.

Respectfully submitted,

Dated:       May 3, 2024              WHITE & CASE LLP

                                     By: */s/ Bryan A. Merryman*
                                         Bryan A. Merryman

                                     *Attorneys for Defendants*
                                     Honda Motor Co., Ltd. and
                                     American Honda Motor Co., Inc.

- 6-

Honda Motor Co., Ltd. and American Honda Motor Co., Inc.'s
Reply Memorandum in Support of their Request for Judicial Notice;
2:23-cv-00794-WLH-AGR