UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RHONDA BAYLOR, individually and on behalf of all others similarly situated,

Plaintiff,

v.

HONDA MOTOR CO., LTD. and AMERICAN HONDA MOTOR COMPANY, INC.,

Defendants.

Case No. 2:23-cv-00794-WLH-AGR

**ORDER RE DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT [86]**

No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. *See* Standing Order for Newly Assigned Civil Cases at 15. Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for May 17, 2024, is **VACATED**, and the matter taken off calendar.

Defendants Honda Motor Co., Ltd. ("Honda") and American Honda Motor Co., Inc. ("American Honda") (collectively, "Defendants") move to dismiss Plaintiffs Brian

Clark and Marilyn Gund's (collectively, "Plaintiffs") Second Amended Complaint ("SAC"). (Mot. to Dismiss SAC ("Mot."), Docket No. 86). For the reasons below, the Motion is **GRANTED** without leave to amend.

## I. BACKGROUND

The parties are aware of the facts of this case, as recited in the Court's previous Order on Defendants' Motion to Dismiss the First Amended Complaint ("Order Dismissing the FAC", Docket No. 80). In that Order, the Court explained that

> [p]revailing on a claim under Section 10(b) [of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b)] and [Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b–5] requires that a plaintiff prove six elements: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation."

(*Id.* at 7 (quoting *Stoneridge Inv. Partners, LLC v. Scientific–Atlanta, Inc.*, 552 U.S. 148, 157 (2008)). The Court found that Plaintiffs had not made sufficient allegations under the first prong; that is, Plaintiffs did not adequately plead an actionable "material representation or omission." (*Id.* at 9–12). After a hearing, the Court gave Plaintiffs leave to amend. (*Id.* at 13).

On March 4, 2024, Plaintiffs filed the SAC. (Docket No. 83). In the SAC, Plaintiffs assert that five statements made by Defendants were materially false and/or misleading. (*Id.* ¶¶ 117–128). Of those five statements, four were in Plaintiffs' FAC. (*Compare* SAC ¶ 118 *with* FAC, Docket No. 60 ¶ 119; SAC ¶ 120 *with* FAC ¶ 113; SAC ¶ 122 *with* FAC ¶ 121; *and* SAC ¶ 126 *with* FAC ¶ 127). The sole new statement is that a press release regarding the 2020 Honda Odyssey, "touted that 'all 2020 Odyssey minivans now come standard with Idle Stop and Honda's 10-speed automatic, the company's newest and most advanced transmission.'" (SAC ¶ 124 (quoting August 12, 2019, press release)). Defendants now move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

## II. ANALYSIS

Plaintiffs have not cured the key defect of their FAC because they still have not alleged any actionable, materially false or misleading statements. The alleged materially false and/or misleading statements remain substantially similar to those identified in the FAC. (*Compare* FAC ¶¶ 106–129 *with* SAC ¶¶ 117–128). The only new statement—that the 2020 Honda Odyssey "come[s] standard with Idle Stop and Honda's 10-speed automatic"—is not actionable for the purposes of Section 10(b) and Rule 10b-5. As the Court explained regarding similar statements in its Order Dismissing the FAC,

> Plaintiffs do not allege that the vehicles were not in fact equipped with Idle Stop or that Idle Stop, when working properly, did not function in the described manner …. [T]heir argument is that the description of Idle Stop affirmatively created an impression that the Idle Stop feature would be free of defects in every vehicle with the feature. That is not a plausible allegation.

(Order Dismissing FAC at 12 (citing *Lopes v. Fitbit, Inc.*, No. 2:18-cv-06665-JST, 2020 WL 1465932, at *6 (N.D. Cal. Mar. 23, 2020), *aff'd*, 848 F. App'x 278 (9th Cir. 2021); *In re Siebel Sys., Inc. Sec. Litig.*, No. 2:04-cv-0983-CRB, 2005 WL 3555718, at *4 (N.D. Cal. Dec. 28, 2005)). Because Plaintiffs still have not carried their burden under Section 10(b) and Rule 10b-5 to allege an actionable "material representation or omission," the Court **GRANTS** the Motion.

Plaintiffs request leave to amend. (Opp'n to Mot., Docket No. 88 at 23 n.6). Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "However, leave to amend need not be granted if amendment would be futile or the plaintiff has failed to cure deficiencies despite repeated opportunities." *Campos v. Fresno Deputy Sheriff's Ass'n*, 441 F. Supp. 3d 945, 949–50 (E.D. Cal. 2020) (citing *Garmon v. County of L.A.*, 828 F.3d 837, 842 (9th Cir. 2016)). Here, Plaintiffs have had two opportunities to amend but have failed to cure the deficiencies raised by the Court in its Order

Dismissing the FAC. Moreover, Plaintiffs do not explain how they would cure these deficiencies with another amendment. Because amendment would be futile and Plaintiffs have failed to cure the same deficiencies despite repeated opportunities, the Court denies leave to amend.

## III. CONCLUSION

The Motion is **GRANTED** without leave to amend, and this case is **DISMISSED**. Defendants' Request for Judicial Notice (Docket No. 86-2) is **DENIED** as moot.

The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: May 15, 2024

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE